UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARMAINE DM COOKE,

      Plaintiff,

 -v-

ORANGE & ROCKLAND UTILITIES, *et al.*,

      Defendants.

---

24 Civ. 5315 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

On July 11, 2024, plaintiff, *pro se*, filed this action against defendants. Dkt. 1 (complaint). The Court construes the complaint as asserting claims under the Copyright Act, 17 U.S.C. § 101, *et seq.* By order dated August 8, 2024, the Court granted plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. 4.

## DISCUSSION

Because plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the United States Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3).

To allow plaintiff to effect service on defendants (1) Orange & Rockland Utilities, Inc., (2) the Chief Executive Officer of Orange & Rockland Utilities, Inc.. and (3) Thomas Magee, through the U.S. Marshals Service, the Clerk of the Court is instructed to fill out a U.S. Marshals

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that service be effected within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of the Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon defendants.

If the complaint is not served within 90 days after the date summonses are issued, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if plaintiff fails to do so.

## CONCLUSION

The Clerk of the Court is respectfully directed to issue a summons for each defendant, complete a USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of the Court is also directed to mail an information package to plaintiff.

Plaintiff may receive court documents by email by completing the Consent to Electronic Service Form.[2]

SO ORDERED.

Dated:   September 9, 2024
         New York, New York

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

---

[2] The form can be found at the following link: https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf. If plaintiff consents to receive documents by email, she will no longer receive court documents by regular mail.

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Orange & Rockland Utilities, Inc.
   1 Blue Hill Plaza
   Pearl River, NY 10965

2. CEO
   Orange & Rockland Utilities, Inc.
   1 Blue Hill Plaza
   Pearl River, NY 10965

3. Thomas Magee
   General Manager of Advanced Metering Infrastructure
   Consolidated Edison of New York, Inc.
   4 Irving Place, 18th Floor
   New York, N.Y. 10003