```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHARMAINE COOKE,                                            :
                                                            :
                        Plaintiff,                          :
                                                            :   24-CV-5316 (PAE) (RWL)
                - against -                                 :
                                                            :
CONSOLIDATED EDISON COMPANY OF                              :
NEW YORK, INC., ET AL.,                                     :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X
                                                            :
CHARMAINE COOKE,                                            :
                                                            :
                        Plaintiff,                          :
                                                            :   24-CV-5315 (PAE) (RWL)
                - against -                                 :
                                                            :
ORANGE & ROCKLAND UTILITIES, INC.,                          :       ORDER
ET AL.,                                                     :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

These consolidated cases assert claims for copyright infringement. Plaintiff is pro se. On July 21, 2025, Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint. (Dkt. 59.) On July 22, 2025, the Court sua sponte granted Plaintiff an extended time to respond to the motion until September 2, 2025. (Dkt. 63.)

On August 27, 2025, Plaintiff requested an additional extension of at least 45 days. (Dkt. 72.) Inasmuch as the Court already had extended Plaintiff's time to respond to the motion, the Court granted her request in part, extending her time to respond to the motion to September 16, 2025. (Dkt. 73.)

On September 10, 2025, Plaintiff filed another request for an extension, asking for an additional 90 days to respond to the motion. (Dkt. 77.) The Court granted a shorter extension to October 17, 2025 (Dkt. 78), explaining that none of the reasons provided by Plaintiff for the additional extension justified an extension of the length sought, particularly as Plaintiff previously had only requested a 45-day extension of the September 16 deadline that would have established a new deadline of October 17, 2025.

The Court further explained that although no pro bono counsel has come forward to represent Plaintiff in response to the Court's request for appointment of pro bono counsel, the Court has previously informed Plaintiff that she would have to comply with deadlines regardless of whether pro bono counsel were appointed. The Court also stated that while "the Court continues to appreciate that Plaintiff has certain disabilities – for which the Court has been accommodating (by granting repeated extensions and holding conferences remotely) – Plaintiff still has the responsibility to move her cases forward in a timely fashion." (Dkt. 78 at 2.)

On October 11, 2025, the Clerk of Court docketed multiple applications from Plaintiff, requesting another extension (Dkt. 80) and appointment of pro bono counsel (Dkt. 83).[1] The latter request is denied as moot. Plaintiff previously applied for appointment of pro bono counsel, which the Court granted on August 6, 2025. (Dkt. 67.) To date, no attorney has volunteered. Again, the Court cannot guaranty that a volunteer will take the case, and the case must proceed even if no volunteer does so.

---

[1] Plaintiff also filed an objection to this Court's September 10, 2025 order (Dkt. 79.) As an objection, that filing is for the District Court Judge to consider. The Court notes, however, that the objection appears to be untimely. See Fed. R. Civ. P. 72(a).

2

As her other request, Plaintiff seeks yet another extension of time, in this instance 60 days, to oppose Defendant's motion to dismiss. Plaintiff indicates that she intends to retain a legal service provider and expects to receive a loan "on or around 10/31/2025 for this fee." (Dkt, 80 at 3.) Plaintiff reiterates, as she has with virtually every request for an extension she has made in these cases and in her wrongful termination case, 24-CV-536, that she has certain disabilities. The Court has repeatedly accommodated Plaintiff's needs by granting reasonable extensions and holding all conferences by phone.

Plaintiff, however, has demonstrated that she is fully capable of representing herself at this juncture. In the instant cases, commenced on July 11, 2024, she filed a complaint that included 20 hand-written pages of her alleged facts and claims. (Dkt. 1.) She filed an amended complaint and then advocated to file a second amended complaint, for which she was granted leave as well as several extensions. (*See, e.g.*, Dkts. 41, 47, 49.) On June 20, 2025, Plaintiff filed the Second Amended Complaint that included 38 type-written, fully-formed pages setting forth a coherent narrative and relevant claims. (Dkt. 51.) Additionally, she has filed numerous requests for extensions and other relief.

Plaintiff's filings in her wrongful termination case are just as demonstrative. In that case, Plaintiff commenced her claim in state court on January 2, 2024, with a 12-page type-written complaint. (24-CV-536 Dkt. 2.) On February 14, 2025, Plaintiff filed an Amended Complaint that included a 32-page type-written statement of allegations and claims. (24-CV-536 Dkt. 87.) And, on September 16, 2025, Plaintiff filed her opposition to Defendant's motion to dismiss, which opposition was comprised of 46 type-written pages and more than a hundred pages of exhibits. (24-CV-536 Dkt. 107.) Those pleadings and brief are coherent and comprehensive. And, as here, Plaintiff filed numerous requests for extensions and other relief. All of this has been done despite

3

Plaintiff's disabilities. Plaintiff has provided no credible reason why she cannot file her opposition to the motion to dismiss in the instant cases just as she recently did in her wrongful termination case.

The current deadline for Plaintiff to file her opposition to the motion to dismiss is October 17, 2025. The Court's order granting that extension stated that no additional extensions will be granted. (Dkt. 78 at 2.) Notwithstanding that admonition, the Court will afford Plaintiff one last and final opportunity to file an opposition. Accordingly, the Court extends Plaintiff's time to file her opposition to the motion to dismiss to **November 25, 2025**. If Plaintiff does not file any opposition by that date, the Court will determine the motion to dismiss based on the existing record.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 77.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 17, 2025
　　　　New York, New York

The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff:

Charmaine Cooke
834 Penfield Street, #4H
Bronx, NY 10470