UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
CHARMAINE COOKE,                                             :
                                                             :
                              Plaintiff,                     :
                                                             :        24-CV-5316 (PAE) (RWL)
              - against -                                    :
                                                             :
CONSOLIDATED EDISON COMPANY OF                               :
NEW YORK, INC., ET AL.,                                      :
                                                             :
                              Defendants.                    :
                                                             :
-------------------------------------------------------------X
                                                             :
CHARMAINE COOKE,                                             :
                                                             :
                              Plaintiff,                     :
                                                             :        24-CV-5315 (PAE) (RWL)
              - against -                                    :
                                                             :
ORANGE & ROCKLAND UTILITIES, INC.,                           :        **ORDER**
ET AL.,                                                      :
                                                             :
                              Defendants.                    :
                                                             :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

These consolidated cases assert claims for copyright infringement. Plaintiff is pro se. The instant order addresses Plaintiff's latest request for an extension of time to respond to Defendants' motion to dismiss. (*See* Dkt. 93.) Defendants filed their motion to dismiss on July 21, 2025. (Dkt. 59.) Since then, Plaintiff has received four extensions of time totaling more than four months. And, although the Court warned in the "last and final" extension that there would be no further extensions, she now seeks a fifth. The request is denied.

1

**The First Extension**

On July 22, 2025, the day after Defendants filed their motion to dismiss, the Court sua sponte granted Plaintiff an extended time to respond to the motion until September 2, 2025.  (Dkt. 63.)

**The Second Extension**

On August 27, 2025, Plaintiff requested an additional extension of at least 45 days.  (Dkt. 72.)  Inasmuch as the Court already had extended Plaintiff's time to respond to the motion, the Court granted her request in part, extending her time to respond to the motion to September 16, 2025.  (Dkt. 73.)

**The Third Extension**

On September 10, 2025, Plaintiff filed another request for an extension, asking for an additional 90 days to respond to the motion.  (Dkt. 77.)  The Court granted a shorter extension to October 17, 2025 (Dkt. 78), explaining that none of the reasons provided by Plaintiff justified an extension of the length sought, particularly as Plaintiff previously had only requested a 45-day extension of the September 16, 2025 deadline that would have established a new deadline of October 17, 2025.

The Court further explained that although no pro bono counsel had come forward to represent Plaintiff in response to the Court's request for appointment of pro bono counsel (*see* Dkt. 67), the Court had previously informed Plaintiff that she would have to comply with deadlines regardless of whether pro bono counsel were appointed.  (*Id.* at 4.)  The Court also cautioned that while "the Court continues to appreciate that Plaintiff has certain disabilities – for which the Court has been accommodating (by granting repeated extensions and holding conferences remotely) – Plaintiff still has the

2

responsibility to move her cases forward in a timely fashion." (Dkt. 78 at 4.) Finally, the Court warned that "[n]o additional extensions will be granted." (*Id*. at 2.)

**The Fourth Extension**

Notwithstanding those warnings, Plaintiff requested yet another extension of 60 days by letter dated October 10, 2025. (Dkt. 80.) Plaintiff indicated that she intended to retain a legal service provider and expected to receive a loan "on or around 10/31/2025 for this fee." (Dkt, 80 at 3.) She reiterated – as she has with virtually every request for an extension she has made in these cases and in her wrongful termination case against Con Edison, 24-CV-536 – that she has certain disabilities.

In an order issued on October 17, 2025, the Court noted that it had repeatedly accommodated Plaintiff's needs by granting reasonable extensions and holding all conferences by phone. (Dkt. 86 at 3.) The order recounted Plaintiff's history of repeated requests for extension as well as her demonstrated ability to compose and file lengthy, fully-formed pleadings and briefs in both this proceeding and the wrongful termination action. (*Id*. at 1-3.)  The Court's observations bear repeating (*id*. at 3-4):

"Plaintiff, however, has demonstrated that she is fully capable of representing herself at this juncture. In the instant cases, commenced on July 11, 2024, she filed a complaint that included 20 hand-written pages of her alleged facts and claims. (Dkt. 1.) She filed an amended complaint and then advocated to file a second amended complaint, for which she was granted leave as well as several extensions. (*See, e.g.*, Dkts. 41, 47, 49.) On June 20, 2025, Plaintiff filed the Second Amended Complaint that included 38 type-written, fully-formed pages setting forth a coherent narrative and relevant claims. (Dkt. 51.) Additionally, she has filed numerous requests for extensions and other relief."

"Plaintiff's filings in her wrongful termination case are just as demonstrative.  In that case, Plaintiff commenced her claim in state court on January 2, 2024, with a 12-page type-written complaint.  (24-CV-536 Dkt. 2.)  On February 14, 2025, Plaintiff filed an Amended Complaint that included a 32-page type-written statement of allegations and claims.  (24-CV-536 Dkt. 87.)  And, on September 16, 2025, Plaintiff filed her opposition to Defendant's motion to dismiss, which opposition was comprised of 46 type-written pages and more than a hundred pages of exhibits.  (24-CV-536 Dkt. 107.)  Those pleadings and brief are coherent and comprehensive.  And, as here, Plaintiff filed numerous requests for extensions and other relief.  All of this has been done despite Plaintiff's disabilities.  Plaintiff has provided no credible reason why she cannot file her opposition to the motion to dismiss in the instant cases just as she recently did in her wrongful termination case."

The order acknowledged that the order granting the previous extension warned there would be no further extensions.  (*Id.* at 4.)  Nonetheless, the Court granted Plaintiff one last, final extension to November 25, 2025.[1]  (*Id*.)  The Court stated that the extension was the "last and final opportunity to file an opposition" and that "[i]f Plaintiff does not file

---

[1] Although not stated in the October 17, 2025 order, the Court granted the fourth extension notwithstanding the previous order's admonition that there would be no further extensions, based on Plaintiff's assertion that she expected to receive a loan within two weeks for the purpose of retaining counsel.  Plaintiff had recounted her desire to retain counsel on prior occasions.  But the mention of taking out a loan was something new. The Court afforded Plaintiff the benefit of the doubt.  Plaintiff's instant request for an extension, however, makes no mention of a loan or effort to retain counsel.  Moreover, Plaintiff voluntarily filed her case pro se, and has had more than a year to seek out representation since then, whether by loan, pro bono service, or otherwise.  And despite the Court's granting Plaintiff's request for appointment of pro bono counsel, none has stepped forward to take her case.  Regardless, as described above, Plaintiff has proved herself quite capable of authoring fulsome pleadings and briefs.

4

any opposition by that date, the Court will determine the motion to dismiss based on the existing record." (*Id*.)

**The Instant Request For A Fifth Extension**

Before the Court is yet another request for extension from Plaintiff, dated November 19, 2025.[2]  (Dkt. 93 at 2.)  Defendants, who previously have been very accommodating of Plaintiff's requests, oppose.  (Dkt. 94.)

Plaintiff's latest request presents an entirely new reason for an extension. According to Plaintiff, when Defendants filed their motion to dismiss, they included an incorrect copy of Plaintiff's work that had been filed with the United States Copyright Office.  (*Id*.)  That assertion, however, is conclusory and refuted by the record.  As Defendants point out, their motion to dismiss includes an official copy of Plaintiff's alleged work ***certified*** by the Copyright Office.  (*See* Declaration of Carlotta Cassidy (Dkt. 59) ¶ 4 and Ex. 1A at ECF 3 (official Copyright Office certification).)  Plaintiff offers no explanation as to how the certified copy filed by Defendants differs from the work she filed with the Copyright Office.  Moreover, as Defendants filed their motion to dismiss on July 21, 2025, Plaintiff has had more than four months to obtain and file another certified copy of her work if she thought that Defendants had not properly done so.[3]

---

[2] Plaintiff's request bears a hand-written date of November 19, 2025, and a Pro Se Office stamp designating receipt as of November 20, 2025.  (Dkt. 93 at 2.)  The document does not, however, appear on ECF as an independent docket entry.  Rather, it appears only as an attachment to Plaintiff's filing dated November 24, 2025, docketed on November 25, 2025.  (*Id*.)  Plaintiff submitted the November 24, 2025, filing precisely for the reason that her November 19, 2025 request did not appear on ECF.  The Court therefore deems Plaintiff's instant request for an extension as being made as of November 19, 2025.

[3] Plaintiff's request states that she emailed the U.S. Copyright Office on November 3, 2025, to discuss obtaining a certified copy.  (Dkt. 93 at 2.)  There is no reason why Plaintiff could not have made such a request at an earlier point in time.  In any event, another

In a "P.S.," Plaintiff's request proffers one additional reason for an extension: "Plaintiff had court trial on November 19, 2025." (Dkt. 93 at 2.) Plaintiff does not provide any detail beyond the date. She does not say how long her participation lasted. She does not say to what extent she spent time preparing. She does not say whether she was a party or a witness. She does not say whether she was proceeding pro se or represented by counsel. Regardless, her participation in a trial on November 19, 2025, does not justify yet another extension in this case.

Plaintiff has been granted four previous extensions. She has had more than five months to file her opposition. She has amply demonstrated her ability to compose and file substantive, lengthy, and intelligible pleadings and briefs. Rather than doing so in response to the pending motion to dismiss, she has instead authored and filed numerous requests for extensions. The Court's last order was crystal clear: the extension to November 25, 2025, was "last and final," and absent a timely filed opposition from Plaintiff, the Court would decide the pending motion to dismiss on the current record. That time has arrived.[4]

---

certified copy of her alleged work would merely be redundant of the certified copy already on file with the Court.

[4] *See Roman v. Quiros*, No. 3:22-CV-911, 2025 WL 405037, at *1 (D. Conn. Feb. 5, 2025) (resolving motion for summary judgment in absence of opposition after noting that pro se plaintiff had been granted multiple extensions of time of more than four months); *Keswani v. Sovereign Jewelry Corp.*, No. 20-CV-8934, 2021 WL 4461332, at *15 (S.D.N.Y. Sep. 29, 2021) (resolving motion to dismiss in absence of opposition from pro se plaintiff, despite a generous briefing schedule and multiple extensions to file an opposition); *Garry v. McPhillips*, No. 9:21-CV-172, 2024 WL 4443297, at *2 (N.D.N.Y. Aug. 7, 2024) (denying pro se plaintiff's request for fifth extension of time to respond to summary judgment motion, and resolving the motion on existing record), adopted in relevant part, 2024 WL 4023890 (N.D.N.Y. Sept. 3, 2024); *Jones v. McCarthy*, No. 9:18-CV-947, 2019 WL 4396808, at *1 (N.D.N.Y., June 10, 2019) (deciding motion to dismiss on existing record where pro se plaintiff failed to file opposition after having received many extensions to do so), *R&R adopted*, 2019 WL 4393072 (N.D.N.Y. Sep. 13, 2019); *cf. In re*

Accordingly, Plaintiff's instant request for an additional extension is DENIED, and her time to file an opposition has expired. Defendants' motion to dismiss will be determined on the existing record.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 77.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 2, 2025
        New York, New York

The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff:

Charmaine Cooke
834 Penfield Street, #4H
Bronx, NY 10470

---

*Michaelesco*, 154 Fed.Appx. 230, 231 (2d Cir. 2005) (affirming dismissal of pro se plaintiff's bankruptcy appeal where district court had granted three extensions, the last of which warned that there would be no further extensions, and, instead of filing brief, plaintiff requested a fourth extension).

7